**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY JAMES MERRICK, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STATE OF ARIZONA, in its official capacity; ARIZONA DEPARTMENT OF CORRECTIONS REHABILITATION AND REENTRY, in its official capacity; DAVID SHINN, Director of the Arizona Department of Corrections Rehabilitation & Reentry, in his official and individual capacity; MIGUEL MANZANO, Sargeant of the Arizona Department of Corrections Rehabilitation & Reentry, in his official and individual capacities; JONATHAN KINSER, Corrections Officer of the Arizona Department of Corrections Rehabilitation & Reentry, in his official and individual capacities; RENE GARCIA, Corrections Officer of the Arizona Department of Corrections Rehabilitation & Reentry, in her official and individual capacities; UNKNOWN PARTIES, named as John and Jane Does 1-10, Corrections Officers of the Arizona Department of Corrections, Rehabilitation & Reentry, in | No. 23-1753 <br><br> D.C. No. 2:22-cv-01957-SPL--MTM <br><br> MEMORANDUM[*] |

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

their official and individual capacities,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted April 22, 2025[**]

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Arizona state prisoner Anthony James Merrick appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging unlawful deprivations of property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012).  We affirm.

The district court properly dismissed Merrick's due process claim because Merrick failed to allege facts sufficient to show that he lacked an adequate post-deprivation remedy for defendants' unauthorized deprivations or that defendants deprived Merrick of his property pursuant to a prison policy.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2                                                                    23-1753

of . . . property"); *Hudson v. Palmer*, 468 U.S. 517, 532-33 (1984) (explaining that an unauthorized deprivation of property, whether negligent or intentional, is not actionable if the state provides a meaningful post-deprivation remedy); *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), including on the basis of an unconstitutional policy or a failure to train); *Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (explaining that established prison grievance procedure provides an adequate post-deprivation remedy).

The district court did not abuse its discretion in declining to assert supplemental jurisdiction over Merrick's state law claims and remanding those claims to the state court. *See Dyack v. Northern Mariana Islands*, 317 F.3d 1030, 1037-38 (9th Cir. 2003) (setting forth standard of review and explaining that 28 U.S.C. § 1367(c)(3) permits the district court to decline to exercise supplemental jurisdiction over state law claims where the district court "has dismissed all claims over which it has original jurisdiction" (internal quotation marks omitted)).

Merrick's motion for appointment of counsel (Docket Entry No. 20) is denied.

**AFFIRMED.**